IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STELLA GOODWIN, | ) | CIVIL NO. 09-00469 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
THE COMMISSIONER'S MOTION FOR RELIEF FROM ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

On May 31, 2011, this Court issued its Order Reversing the Commissioner of Social Security's Decision to Deny Plaintiff Social Security Disability Insurance Benefits and Supplemental Security Income ("Order").[1] Before the Court is Defendant Commissioner of Social Security Administration's ("the Commissioner") Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure 60(b) ("Motion"), filed on July 5, 2011. Pro se Plaintiff Stella Jane Goodwin ("Plaintiff") did not respond to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, the

---

[1] The Court's Order is available at 2011 WL 2160497.

Commissioner's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below. The Motion is GRANTED insofar as this Court will issue an amended Order clarifying the scope of remand. The Motion is DENIED in all other respects.

**BACKGROUND**

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only repeat the history that is relevant to the instant Motion.

In the instant case, Plaintiff sought judicial review of the Commissioner's July 30, 2009 decision denying Plaintiff social security disability insurance benefits and supplemental security income ("the Decision"). Administrative Law Judge Henry M. Tai ("the ALJ") conducted a hearing on March 22, 2007 and, on May 25, 2007, issued his decision finding that Plaintiff was not disabled ("the ALJ Decision"). The Appeals Council declined to review the ALJ Decision, rendering it the Commissioner's final Decision. The instant action followed. Order, 2011 WL 2160497, at *1-2.

In the Order, this Court noted that an ALJ evaluating a claim for social security disability benefits applies a five-step analysis. Id. at *5 (citing 20 C.F.R. § 404.1520; Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007)). This Court also noted that neither party contested: the ALJ's step one finding that Plaintiff had not engaged in substantial gainful activity

since her alleged onset date; the ALJ's step two finding that Plaintiff suffered from a severe combination of impairments; or the ALJ's step three finding that Plaintiff's combination of impairments did not meet or equal one of the impairments listed in Appendix 1 to Subpart P, Regulation 4.  Id. at *7.  As to the fourth step, whether Plaintiff has the residual functional capacity ("RFC") to do her past relevant work, this Court found that the ALJ's adverse credibility determination was not supported by substantial evidence in the record because the ALJ's reasons for the adverse credibility determination were not clear and convincing.  Further, this Court ruled that the ALJ's finding that Plaintiff has the RFC to perform simple repetitive tasks, which was based upon the erroneous credibility determination, was not supported by substantial evidence in the record.  The Court also ruled that the ALJ erred in the fifth step, where he found that Plaintiff could perform jobs that exist in significant numbers in the national economy in light of her age, education, and work experience, because this finding was also based on the erroneous RFC finding.  Id. at *11-12.

The Court therefore reversed the ALJ's finding that Plaintiff was not disabled.  Id. at *12.  The Court remanded the case to the ALJ and directed the ALJ to find that Plaintiff was disabled as of the date of the ALJ Decision, but directed the ALJ to conduct further proceedings on the following: 1) determination

of Plaintiff's onset date of disability; and 2) determination of Plaintiff's eligibility for benefits based on her onset date of disability; and 3) if Plaintiff is eligible for benefits based on her onset date, calculation of benefits. Id. at *14.

In the instant Motion, the Commissioner argues that this Court should reconsider its findings regarding Plaintiff's RFC and affirm the Decision. In the alternative, if this Court still concludes that a remand is necessary, the Commissioner argues that this Court should reconsider the scope of the remand.

The Commissioner argues that this Court misapplied Ninth Circuit precedent when it ruled that the ALJ erred in considering: "Plaintiff's presentation during medical examinations as a basis for finding her capable of concentrating, maintaining persistence and pace, and performing simple repetitive tasks[;]" [Motion at 3;] "Plaintiff's daily activities, including driving, pet care, working on puzzles and preparing simple meals, to find her capable of simple work throughout a work day[;]" [id. at 4 (citation omitted;] and "Plaintiff's ability to shop, interact with family and interact with medical examiners to conclude that Plaintiff had only minimal restrictions on her ability to interact with others while at work" [id. at 5 (citation omitted)]. The Commissioner also argues that Plaintiff's ability to travel to Las Vegas to visit her daughter was a valid credibility factor and that the

4

conservative medical treatment of Plaintiff's mental health condition is, standing alone, sufficient to support an adverse credibility determination. The Commissioner reiterates that, at times during the period in question, Plaintiff worked part-time or attempted to look for employment. Further, no doctor assessed Plaintiff with any physical functional limitations. The Commissioner argues that, even if the record could support either affirming or reversing an ALJ's Decision, a district court cannot substitute its judgment for the ALJ's.

If the Court will not reconsider its reversal of the Decision, the Commissioner argues that the Court must reconsider the scope of remand. This Court cannot require the ALJ to find on remand that Plaintiff was disabled as of the date of the ALJ's Decision because the record does not establish that Plaintiff's alleged impairments satisfied the duration requirement by preventing her from engaging in substantial gainful activity for twelve consecutive months or more. The Commissioner asserts that this Court must allow the ALJ on remand to determine whether Plaintiff was disabled.

Plaintiff did not file a response to the Motion.

### **STANDARD**

Local Rule 60.1 states, in pertinent part: "Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable." The

Commissioner seeks relief from the Order pursuant to Fed. R. Civ. P. 60(b)(6) and Local Rule 60.1. [Motion at 1-2.] In general, "[a] motion for reconsideration must '[f]irst . . . demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" In re O'Kelley, CV No. 10-00356 DAE-LEK, 2010 WL 4176540, at *4 (D. Hawai`i Oct. 19, 2010) (quoting White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (some alterations in O'Kelley)). In particular, "Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

## DISCUSSION

### I. Plaintiff's Failure to Respond to the Motion

On July 7, 2011, this Court issued an order stating that Plaintiff's response to the Motion was due on or before July 26, 2011 and that the Commissioner was not permitted to file a reply. [Dkt. no. 32.] Plaintiff, however, did not respond to the Motion.

The Court is not aware of any binding case law which,

in light of a pro se plaintiff's failure to respond to a motion for reconsideration of an order ruling on an administrative appeal, requires the court to: grant reconsideration; vacate the order ruling in the plaintiff's favor; and issue a new decision in the defendant's favor. Although a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court, King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), a pro se litigant is generally held to less stringent standards than those of her legal counterparts. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). Plaintiff has previously demonstrated her intent to prosecute the instant appeal, and this Court will not construe her failure to respond to the Motion as a failure to prosecute. Cf. Jackson v. Carey, 353 F.3d 750, 756-57 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (citation and quotation marks omitted)).

The Court therefore turns to the merits of the Motion.

## II.  Residual Functional Capacity

The Commissioner's first argument is that this Court erred in rejecting the ALJ's finding that Plaintiff had the RFC to perform simple repetitive tasks. As to this argument, the Motion focuses on the Court's rejection of the ALJ's adverse

credibility determination, which was critical to the ALJ's RFC finding.

First, the Court notes that, insofar as there was no finding or evidence of malingering, the ALJ was required to provide "clear and convincing reasons" for his adverse credibility determination. Order, 2011 WL 2160497, at *9 (quoting Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009)). The majority of the Motion's arguments on this issue merely express the Commissioner's disagreement with the Court's analysis of the facts in this case. The Court agrees with the Commissioner that, as a general rule, an ALJ evaluating a claimant's credibility can consider clinical observations of the claimant and the claimant's life activities. A court, however, must consider the observations and activities in the context of the record as a whole, and must consider both the physical and mental impairments. This Court, after such consideration, found that the ALJ's reasons for his adverse credibility determination were not clear and convincing.[2] To the extent that the Motion argues that observations of Plaintiff during her medical appointments and some of her activities were sufficient to

---

[2] The Court notes that some of the specific facts that the Commissioner emphasizes in his Motion - Plaintiff's attempts to work and her travel to Las Vegas to visit her daughter - may be relevant to the duration of Plaintiff's alleged disability, see *infra*, but, in light of the record as a whole, do not alter this Court's findings regarding Plaintiff's RFC.

8

support the ALJ's adverse credibility determination, the Commissioner merely disagrees with this Court's analysis of the facts, even though the Commissioner has stated that the Motion is based on errors of law. [Motion at 2.] "Mere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274 (citation omitted).

The Commissioner argues that this Court improperly substituted its judgment about the evidence for the ALJ's findings, which were reasonably supported by the record. [Motion at 10.] In the Order, this Court recognized that "where the evidence can reasonably support either affirmance or reversal, the district court may not substitute its judgment for the ALJ's." 2011 WL 2160497, at *5 (citing Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007)). This Court ultimately found that the evidence did not reasonably support affirmance of the Decision. The Commissioner's disagreement with this ruling is not grounds for reconsideration.

The Commissioner also argues the Court committed legal error in ruling that the ALJ could not rely on Plaintiff's conservative treatment to reject her testimony about the severity of her mental impairments. [Motion at 6-7.] In the Order, the Court stated:

> Fourth, the ALJ found that Plaintiff had "no episodes of deterioration due to any mental impairment." [AR at 24.] In support of this finding, the ALJ stated only that Plaintiff "has

9

> been treated conservatively with medications and therapy, and has not required any inpatient mental care." [Id.] The ALJ improperly rejected Plaintiff's subjective testimony about the severity of her mental impairments based solely upon a lack of medical evidence corroborating the full extent of Plaintiff's claimed impairments. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005).

2011 WL 2160497, at *11. The Commissioner argues that this an inaccurate statement of the law because "[a] claimant's conservative course of treatment is a credibility factor that is **separate** from the lack of objective evidence factor." [Motion at 6-7 (citing 20 C.F.R. § 404.1529(c)(2), (3)(iv) & (v)) (emphasis in original).] Although § 404.1529 discusses conservative treatment and objective medical evidence in separate subsections, both are part of the evaluation of the intensity and persistence of the claimant's symptoms and the determination whether they limit the claimant's ability to work. § 404.1529(c). The Commissioner has not established that this Court committed legal error by considering these factors together.

The Commissioner also relies upon the Ninth Circuit's recognition that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra, 481 F.3d at 751 (citing Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)). Based on Parra, the Commissioner argues that it was proper for the ALJ to rely on Plaintiff's "conservative treatment" in assessing her

credibility.  The ALJ's description of Plaintiff's care for her mental impairments as "conservative treatment" does not automatically require this Court to automatically affirm the ALJ's adverse credibility determination.  The Court must evaluate Plaintiff's "conservative treatment" in the context of the record as a whole.  In the Decision, the ALJ stated that Plaintiff "has been treated conservatively with medications and therapy, and **has not required any inpatient mental health care**.  Therefore, she can be considered as having no episodes of deterioration due to any mental impairment."  [Administrative Record ("AR") at 24 (emphasis added).]  Thus, although the ALJ recognized that Plaintiff's mental impairments were treated with prescription medications and therapy, the ALJ deemed this "conservative" essentially because Plaintiff was never admitted for inpatient mental health care.  The Commissioner has not identified any authority for the proposition that mental health care is "conservative" unless it involves inpatient care.  The Commissioner cited Parra, in which the claimant's "physical ailments were treated with an over-the-counter pain medication[,]" 481 F.3d at 751, and Johnson, where there was an "absence of medical treatment for claimant's back problem between 1983 and October 23, 1986," even though the claimant alleged suffered "debilitating pain", 60 F.3d at 1434.  Other courts have rejected an ALJ's characterization of mental health care as

11

"conservative treatment" because it was inconsistent with the record as a whole. See, e.g., Merker v. Astrue, No. CV 10-4058 JCG, 2011 WL 2039628, at *7 (C.D. Cal. May 25, 2011) ("However, based on Plaintiff's treatment history of having weekly therapy sessions and using medication, the Court cannot conclude that Plaintiff's treatment was conservative when viewed holistically, and on this record."). Similarly, the Order rejected the ALJ's characterization of Plaintiff's treatment as "conservative" because it was inconsistent with the record as a whole. For example, Plaintiff's mental health provider, John Hibscher, Ph.D., stated in a January 23, 2006 report that Plaintiff had seen him biweekly since December 9, 2003, and he treated her with cognitive and behavioral psychotherapy and daily medications. [AR at 331-31A.] Thus, the Commissioner has failed to establish that this Court committed legal error in ruling that the alleged "conservative treatment" of Plaintiff's mental impairments was not a clear and convincing reason to support the ALJ's adverse credibility determination.

Finally, the Commissioner argues that this Court erred in rejecting the ALJ's RFC finding because, as a matter of law, "Plaintiff's subjective statements, alone, cannot establish disability." [Motion at 8 (citing 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a)).] The Court's RFC finding, however, was not based solely upon Plaintiff's subjective statements. The

12

following are examples of other evidence that this Court considered in rejecting the ALJ's RFC finding:

- statements by Plaintiff's daughter that: she regularly reminds Plaintiff to do things like feed her cats, bathe, and take her medicine; she tries to tell Plaintiff to keep the house clean, but Plaintiff only "makes an effort" when she "bug[s] her about it[;]" and Plaintiff no longer has the desire to spend time with her grandchildren and severed ties with her other family members and friends; [AR at 123-31 (Function Report Adult - Third Party, dated 1/9/06 by Jessica Alip);]
- Dr. Hibscher's diagnosis that Plaintiff suffered from major depression and his recognition that, when depressed, she needs assistance with her activities of daily living; [AR at 331-34 (Report of Treating Mental Health Provider, dated 1/23/06);]
- Dr. Hibscher's opinion that she could not adapt or cope with a low-demand, entry-level job because: although she could understand simple work instructions, she could not remember them consistently, which would cause her to panic and become anxious, leading to mistakes at work; she could not maintain regular job attendance and could not persist at simple, repetitive tasks because of her depression, anxiety, and other cognitive difficulties; and she could not consistently get along with co-workers and supervisors as a function of her depression; [id.;] and
- the opinion by Rodger Kollmorgan, M.D., who Plaintiff saw for counseling at West Hawaii Mental Health Center, that Plaintiff could not work because of her depression, anxiety, and a possible attention deficit disorder [AR at 466 (letter dated 8/31/06)].[3]

---

[3] The Court acknowledges that the opinions of Plaintiff's treating physicians as to the ultimate issue of disability are not conclusive. See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002). The Court, however, notes that treating physicians' opinions are, as a general rule, entitled to "substantial weight." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (citation and quotation marks omitted). To the extent that the ALJ discounted these opinions, the Court finds that his reasons were not supported by substantial evidence in the record. See id. ("When evidence in the record contradicts the opinion of a treating physician, the ALJ must present specific and legitimate reasons for discounting the treating physician's opinion, supported by substantial evidence."

(continued...)

In summary, having considered all of the Motion's arguments alleging that this Court erred in rejecting the ALJ's RFC finding, this Court CONCLUDES that the Commissioner has not established grounds to reconsider that portion of the Court's Order. The Court therefore DENIES the Commissioner's Motion as to the RFC issue.

III. **Scope of Remand**

The Commissioner next argues that, even if the Court will not reconsider its decision to remand the case to the ALJ, the Court must reconsider its ruling on the scope of the remand. In the conclusion of the Order, this Court reversed the Decision, stating that:

> The Court FINDS that, on remand, the ALJ must find that Plaintiff was disabled, for purposes of the Social Security Act, as of the date of the ALJ Decision. Further, the Court REMANDS the instant case to the Social Security Administration for further proceedings on the following: 1) determination of Plaintiff's onset date of disability; and 2) determination of Plaintiff's eligibility for benefits based on her onset date of disability; and 3) if Plaintiff is eligible for benefits based on her onset date, calculation of benefits.

2011 WL 2160497, at *14. The Commissioner argues that this Court erred in ruling that the ALJ on remand must find that Plaintiff is disabled because the duration requirement is still at issue.

It is clear from section III. of the Order that the

---

[3](...continued)
(footnote, citation, and internal quotation marks omitted)).

Court was aware that the duration requirement was still at issue. See, e.g. id. at *13 ("There is, however, **an outstanding issue that must be resolved before a final determination** of Plaintiff's entitlement to disability benefits. Although it is clear that Plaintiff was disabled as of the date of the ALJ Decision — May 25, 2007, it is not clear whether Plaintiff was disabled from her alleged onset date — June 30, 2002." (emphasis added)). The Court, however, acknowledges that the Order is erroneous to the extent that it suggests that the ALJ must make a finding of disability even if Plaintiff does not satisfy the duration requirement. See 42 U.S.C. § 423(d)(1)(A) (defining "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or **which has lasted or can be expected to last for a continuous period of not less than 12 months**" (emphasis added)).

The Commissioner's Motion is therefore GRANTED to the extent that this Court will issue an amended Order clarifying the scope of the remand. The Court, however, reiterates its finding that the only issue which is not clear from the existing record is the duration requirement. Thus, the Court, in the exercise of its discretion, limits the scope of the additional evidence that the ALJ may accept on remand to the duration requirement. See Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989) ("[T]he

decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court . . . . Remand is appropriate where additional administrative proceedings could remedy defects[.]" (citations and internal quotation marks omitted)).

## CONCLUSION

On the basis of the foregoing, the Commissioner's Motion for Relief from Order Pursuant to Federal Rule of Civil Procedure 60(b), filed July 5, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent that this Court will issue an amended Order clarifying the scope of the remand, and the Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 26, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**STELLA JANE GOODWIN V. COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION; CIVIL NO. 09-00469 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART THE COMMISSIONER'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**